UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE K. ASHTON, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 13-cv-05392 RJB <br><br> REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT <br><br> Noting Date: June 6, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 18, 22, 23).

After considering and reviewing the record, the Court finds that the ALJ properly evaluated the medical evidence, lay witness evidence, and plaintiff's credibility.  The Court also finds the ALJ had no duty to further develop the record and met her burden at Step Five.

BACKGROUND

Plaintiff, JAMIE K. ASHTON, was born in 1978 and was 31 years old on the alleged date of disability onset of December 31, 2009 (*see* Tr. 173, 180). Plaintiff did not graduate from high school but did obtain her GED. She started college, but dropped out because of health issues (Tr. 36). Plaintiff has work experience in restaurants and food services and as a parking attendant (Tr. 37-38). Plaintiff was last employed in a bakery doing food prep, customer service, and cleaning, but was terminated without being given a reason (Tr. 36). Plaintiff has at least the severe impairments of "seizure disorder and fibromyalgia (20 CFR 404.1520(c) and 416.920(c))" (Tr. 14).

PROCEDURAL HISTORY

On September 7, 2010, plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 173-79, 180-83). The applications were denied initially and following reconsideration (Tr. 59-66, 68-75, 78-88, 90-100). Plaintiff's requested hearing was held before Administrative Law Judge Stephanie Martz ("the ALJ") on November 22, 2011 (*see* Tr. 30-58). On January 12, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.9-29).

On April 15, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in May, 2013 (*see* ECF Nos. 1, 3).

Defendant filed the sealed administrative record regarding this matter ('Tr.') on July 30, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ err in improperly rejecting the opinions of plaintiff's treating medical providers as well as her own subjective complaints; (2) Did the ALJ err in failing to fully and fairly develop the record; (3) Did the ALJ err in improperly rejecting lay witness statements; and (4) Did the ALJ err in failing to meet her step five burden? (*see* Dkt. No. 18, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Did the ALJ err in improperly rejecting the opinions of plaintiff's treating medical providers as well as her own subjective complaints?**

### a. Theresa Weiland, D.O., Treating Provider

Theresa Weiland, D.O., plaintiff's treating provider, completed a form regarding plaintiff's work limitations on September 12, 2008 (Tr. 321-26). Dr. Weiland opined that, due to fibromyalgia flare ups, plaintiff would be unable to work full time, and would need twenty minute breaks every two hours and would need eight hours off per week (*see* Tr. 324). Dr. Weiland noted that this limitation was expected to last for three months. *Id*.

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ gave no weight to Dr. Weiland's opinion that plaintiff would need twenty minute breaks and a less than full time work schedule (Tr. 21-22). The ALJ discredited this opinion because it was completed prior to the alleged onset date and because it was unsupported by the longitudinal treatment records (Tr. 22). The ALJ also noted that Dr. Weiland did not provide any reason for her opined limitations. *Id*. Plaintiff argues that these were not specific and legitimate reasons for discrediting the doctor's opinion (ECF No. 18, p. 12-15). This Court disagrees.

Dr. Weiland rendered this opinion on May 27, 2008 (Tr. 326) -- the alleged date of disability onset was December 31, 2009 (*see* Tr. 173, 180). "Medical opinions that predate the alleged onset of disability are of limited relevance." *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Here, Dr. Weiland's opinion was made over a year prior to plaintiff's alleged onset date (Tr. 173, 321-26). Plaintiff first argues that this opinion is relevant to the alleged period of disability because Dr. Weiland noted that the limitations were based on fibromyalgia, which is a lifetime condition (ECF No. 18, p. 13). While fibromyalgia may be a lifetime condition, Dr. Weiland noted that his assessed limitations only had a three month expected duration (Tr. 324). Further, evidence in the record supports the ALJ's finding that plaintiff was capable of working full time after this assessment was made, further

minimizing any probative value this assessment had on the relevant time period.  (*see* Tr. 19, 387-88).

Plaintiff also argues that Dr. Weiland's statements made in a letter dated November 2010 support a finding that the originally assessed limitations continued to persist after the alleged onset date (*see* ECF no. 18, p. 13).  In this letter, Dr. Weiland wrote "[n]othing in those September 1, 2009, and February 26, 2010, visits indicated the need for a work reduction from the 8 hours a day, 4 days a week schedule Ms. Ashton was maintaining at the February 17, 2009 visit" (Tr. 383).  The ALJ interpreted this to mean that Dr. Weiland saw no need to reduce plaintiff's work hours from what they already were, and she did not see it as an affirmative statement that working four days per week was the maximum plaintiff was capable of performing (Tr. 22).  Plaintiff argues that this statement should be interpreted to mean that Dr. Weiland believed four days per week was plaintiff's maximum ability to work (ECF No. 18, p. 14-15).  It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601).   While plaintiff argues for a different interpretation of this evidence, the ALJ's interpretations is equally rational, thus must be upheld.  *See id*.  The ALJ properly found Dr. Weiland's opinion to lack probative value due to it being rendered more than a year prior to the relevant time period.

Further, the record supports the ALJ's finding that Dr. Weiland's opinion was inconsistent with medical evidence.  Despite limiting plaintiff to less than full time work,

as stated above, the records shows that plaintiff worked full time after that assessment (Tr. 387). Also, around the time Dr. Weiland made his opinion, plaintiff reported to her doctor that she was working only four days per week because her employer would not give her a fifth day and that she was looking for a second job (Tr. 388).

The ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Weiland's opinion.

### b. Plaintiff's Subjective Complaints

The ALJ discounted plaintiff's testimony for several reasons, including that it was inconsistent with objective medical evidence, that plaintiff only received minimal treatment, that plaintiff had work activity after her onset date, and that her testimony was inconsistent with her daily activities (Tr. 19-20). Plaintiff argues these were not clear and convincing reasons for discrediting plaintiff's subjective complaints (ECF No. 18, p. 15-17). Again, this Court disagrees.

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*,

947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407).

Plaintiff only takes issue with two of the ALJ's reasons for discrediting plaintiff's testimony, namely that it is inconsistent with objective evidence and inconsistent with activities of daily living (ECF No. 18, 15-16). Nevertheless, the fact that one of the reasons for discounting plaintiff's credibility was improper, does not render the ALJ's credibility determination invalid, as long as that determination is supported by substantial evidence in the record, as it is in this case. *See Tonapetyan v. Halter*, 242 F.3d 1144 at 1148.

The ALJ noted plaintiff's lack of treatment as a reason to discredit her testimony of disabling impairment, reasoning that plaintiff would have pursued further treatment if conditions were as severe as alleged. An ALJ cannot draw adverse credibility inferences based on failure to seek regular medical treatment without first considering the claimant's explanations. SSR 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186, at *3 (July 2, 1996), *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Here, the ALJ considered plaintiff's reason for minimal treatment (i.e., lack of financial resources) and found it unpersuasive based on the fact that plaintiff was able to afford her daily marijuana use (Tr. 20). Plaintiff's lack of treatment combined with her daily activities, lack of objective medical evidence, and work activity provided substantial evidence to support the ALJ's credibility finding.

//

//

**(2)      Did the ALJ err in failing to fully and fairly develop the record?**

The ALJ "has an independent 'duty to fully and fairly develop the record.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ's "duty exists even when the claimant is represented by counsel." *Brown*, *supra*, 713 F.2d at 443 (*citing Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*citing Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

Plaintiff argues the ALJ had a duty to further develop the record because she discounted Dr. Weiland's opinion, in part, because she failed to explain why plaintiff's fibromyalgia caused her opined limitations (ECF No. 18, p. 17). However, in this case, no such duty arose. Dr. Weiland's opinion was not ambiguous nor was there insufficient evidence for the ALJ to render her decision. Dr. Weiland clearly stated her opined limitations and the duration of such limitations as well as the fact that these limitations were a result of plaintiff's fibromyalgia (Tr. 324). The ALJ required no further explanation to address the limitations. The ALJ had enough evidence in the record to render a decision and had no ambiguity to resolve with Dr. Weiland's opinion. As such, the ALJ had no duty to further develop the record.

//

**(3)    Did the ALJ err in improperly rejecting lay witness statements?**

Richard Conrad, plaintiff's husband, completed a Third Party Function Report in October 2010 (Tr. 222-29). Mr. Conrad reported that Ms. Ashton has good and bad days, and that on bad days she is confined to her bed and may only get up to use the restroom and to eat (Tr. 222-27). He also noted that she sometimes needs help getting dressed and will go without bathing for several days due to pain. *Id.* at 223. He further noted that she uses a cane or leg braces "when needed." *Id.* at 228. The ALJ discredited this opinion finding it inconsistent with the longitudinal medical evidence and finding that Mr. Conrad likely relied to some degree on plaintiff's incredible self reports (Tr. 22). The ALJ also noted plaintiff's lack of treatment as further reason for discounting this opinion. *Id.*

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100

F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Similar to the rationale that an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407), but may discredit a plaintiff's testimony when it contradicts evidence in the medical record, *see Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995); *see also Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001); *Smolen*, *supra,* 80 F.3d at 1284, an ALJ may discredit lay testimony if it conflicts with medical evidence, even though it cannot be rejected as unsupported by the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (An ALJ may discount lay testimony that "conflicts with medical evidence") (*citing Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *Baylis v. Barnhart*, 427 F.3d 1244. 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (*citing Lewis, supra*, 236 F.3d at 511); *see also Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 111325 at *21 n.4 (D. Or. 2013)

(unpublished opinion) ("*Bruce* stands for the proposition that an ALJ cannot discount lay testimony regarding a claimant's symptoms solely because it is *unsupported* by the medical evidence in the record; it does *not* hold *inconsistency* with the medical evidence is not a germane reason to reject lay testimony") (*citing Bruce, supra*, 557 F.3d at 1116), *adopted by Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 110195 at *2 (D. Or. 2013) (unpublished opinion).

Plaintiff argues the ALJ failed to provide proper reasons for discrediting the lay testimony of Richard Conrad (ECF No. 18, p. 18-20). Whether or not the ALJ erred in evaluating this opinion, the error would be harmless. If the ALJ has provided proper reasons to discount the lay testimony in another aspect of the written decision, such as within the discussion of plaintiff's credibility, the lay testimony may be considered discounted properly even if the ALJ fails to link explicitly the proper reasons to discount the lay testimony to the lay testimony itself. *See Molina v. Astrue,* 674 F.3d 1104, 1121 (9th Cir. 2012) (*quoting Lewis, supra*, 236 F.3d at 512). The Court will not reverse a decision by an ALJ in which the errors are harmless and do not affect the ultimate decision regarding disability. *See Molina, supra*, 674 F.3d at 1117-22; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009). Neither plaintiff nor defendant contest that Mr. Conrad's testimony was similar to that of plaintiff. As already discussed, the ALJ properly discredited plaintiff's testimony, therefore, the ALJ properly discredited the similar lay witness testimony of Mr. Conrad.

//

//

**(4)    Did the ALJ err in failing to meet her step five burden?**

The ALJ found plaintiff capable of performing jobs that exist in significant numbers in the national economy at step five (Tr. 23-24). Plaintiff argues this finding is improper and that the ALJ's hypothetical question as incomplete because it did not include plaintiff's need for additional time off or any limitations related to mental health impairments or urinary tract infection (ECF No. 18, 20-22).

Plaintiff's argument equates to a restatement of her previous arguments regarding the ALJ's evaluation of the Dr. Weiland's medical opinion and assessment of plaintiff's credibility. As already discussed, the ALJ did not err in making these findings; therefore The ALJ's did not err in forming her hypothetical question, or in relying on the VE testimony in response to said hypothetical question.

Plaintiff also argues that the ALJ erred in failing to include any mental health limitations or urinary tract infection related limitations into her hypothetical or resulting residual functional capacity finding (ECF No. 18, p. 21-22).

While the ALJ is still required to consider impairments found to be not severe at step two, he did not err in RFC assessment. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p. Substantial evidence supports the ALJ's findings at both step two and step five.

The evaluation by Dr. Neims was the only evidence addressing plaintiff's mental impairments, and Dr. Neims found plaintiff to not be disabled based on mental impairments (Tr. 365-81). Also, while plaintiff argues she suffered from recurrent urinary tract infections, the only evidence cited by plaintiff to support this conclusion is a

statement made by plaintiff to her doctor in May 2010, and the record shows only minimal treatment for urinary tract infections during the relevant time period (Tr. 331, 441-46, 450).  Plaintiff points to no evidence in the record to support a conclusion that either of these impairments would affect plaintiff's ability to perform work activities for at least a twelve month period.  The ALJ properly found these impairments not severe at step two, a finding which was not challenged by plaintiff (Tr. 14-17).

Therefore, while the ALJ is still required to consider impairments found to be not severe at step two, the ALJ did not err in the RFC assessment in this case because there is substantial evidence in the record that these limitations did not need to be included in the RFC.

## CONCLUSION

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  **JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

//

//

1 | Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2 | matter for consideration on June 6, 2014, as noted in the caption.

3 |     Dated this 13th day of May, 2014.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 15